UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:87-cr-37 |
|     *Plaintiff/Respondent*, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT ILES, | : | |
|     *Defendant/Movant*. | : | Judge Susan J. Dlott |

This matter comes before the Court on Defendant/Movant Robert Iles's revised motion for dismissal of a criminal conviction under the jurisdiction of the writ of error coram nobis (doc. #120), as well as several related motions. Iles seeks a writ of error coram nobis to set aside his 1988 convictions for tax and conspiracy offenses. He alleges that the district judge who presided over his trial, the late S. Arthur Spiegel, committed a fraud on the court by appointing the late Roger J. Makley as his defense counsel. The United States has filed a consolidated opposition. (Doc. #121.)

To be entitled to the extraordinary writ of error coram nobis, a petitioner must show, among other things, an ongoing civil disability, a factual error that was unknown at the time of trial and that is of a fundamentally unjust character that would have changed the outcome of the proceeding, and that there are sound reasons for having failed to seek appropriate relief earlier. *See United States v. Waters*, 770 F.3d 1146, 1146 (6th Cir. 2014); *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012); *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996). Iles's filing does not meet this standard in any way because he alleges no ongoing civil disability, does not provide sound reasons for the timing of the motion, and does not show a factual error of a fundamentally unjust character. Rather, his motion consists of entirely unsupported and frivolous allegations. As the government points out, the Sixth Circuit rejected Iles's complaints about the

appointment of his counsel in an opinion rendered more than 25 years ago. *United States v. Iles*, 906 F.2d 1122, 1128–34 (6th Cir. 1990). Iles's filings are an abuse of court process.

Therefore, the Court **DENIES** Iles's motion for dismissal (doc. #119) and revised motion for dismissal (doc. #120). Iles's motions for appointment of counsel to file such a motion (doc. #110), for leave to petition (doc. #116), and for a hearing (doc. #117) are **DENIED AS MOOT**.

The Court further **DENIES** a certificate of appealability because an appeal of this decision would be objectively frivolous and Iles should not be permitted to proceed in forma pauperis.

Finally, the Court warns Iles that continued abuse of the court system through frivolous filings will result in the imposition of filing restrictions.

**IT IS SO ORDERED.**

_____
**SUSAN J. DLOTT**
**UNITED STATES DISTRICT JUDGE**